**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 11 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THURMAN HARRISON, JR.,

    Plaintiff-Appellant,

v.

BENT COUNTY CORRECTIONAL
FACILITY; CHARLES RAY, Warden;
STEVEN L. BROWN, JR., Assistant
Warden; MICHAEL R. WISE, Chief of
Security; GALE MILLER, Mailroom
Supervisor; SUSAN BAKER, Law
Librarian,

    Defendants-Appellees.

No. 00-1154

(D.C. No. 00-Z-300)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **HENRY**, and **LUCERO**, Circuit Judges.[**]

Plaintiff Thurman Harrison, Jr., proceeding pro se, appeals the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

dismissal without prejudice of his prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 for failure to exhaust administrative remedies. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Plaintiff is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. The correctional facility's policy regarding postage and photocopying provides that "offenders whose accounts are $300.00 or more in arrears may have photocopy/postage privileges restricted. . . . [O]nce an offender's account is $300.00 or more in arrears facilities may limit the offender's outgoing legal mail to a maximum of $2.00 per month." Plaintiff filed a motion for a temporary injunction and a complaint alleging this policy violates his constitutional right of access to the courts. The district court denied injunctive relief and dismissed Plaintiff's complaint without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). We review a dismissal for failure to exhaust de novo. See Miller v. Menghini, 213 F.3d 1244, 1246 (10th Cir. 2000).

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement is mandatory. See Garrett v. Hawk, 127 F.3d 1263, 1265 (10th Cir. 1997); See also Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998) (remanding to the district court for dismissal without

2

prejudice where prisoner brought a § 1983 action including claims of denial of access to the courts and interference with legal mail but failed to exhaust available administrative remedies).  The Colorado Department of Corrections has a formal grievance procedure in place that is available to all inmates.  Therefore, Plaintiff must fully exhaust the available administrative remedies before initiating an action in federal court.  Accordingly, the decision of the district court is AFFIRMED.  Appellant's motion for leave to proceed on appeal without prepayment of costs and fees is granted.  Appellant remains obligated to pay the fee when funds are available.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

3