F I L E D
United States Court of Appeals
Tenth Circuit

JAN 16 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDUARDO RIVERO PROENZA,

      Plaintiff - Appellant,

vs.

JAMES GRECO; H. GRAY,
Lieutenant; T. LEADER, Officer, K.
PLOESSEL, Officer; RODERICK
SCHULTZ, Officer; DOUGLAS
SMITH, Officer; GREGORY
WALKER, Officer; DAVID GRIMES,
Officer; JAMES BOND, Officer,

      Defendants - Appellees.

No. 99-1423
(D.C. No. 98-M-677)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

      Plaintiff-Appellant Eduardo Rivero Proenza, an inmate appearing pro se

and in forma pauperis, appeals the district court's dismissal of his civil claims

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

brought against various federal defendants. Mr. Proenza is a Cuban national in the custody of the Bureau of Prisons (BOP) because he is an excludable alien. The INS has declined his request to be paroled into the community based upon an unsuccessful previous period of parole. The essence of Mr. Proenza's vastly overlong complaint (forty-three pages of single-spaced prose with 96 documents attached as exhibits) and pleadings is that he should be paroled into the community, and he seeks equitable relief changing his status. The complaint also contains excessive force and conditions of confinement claims against various defendants in their individual capacities. These claims pertain to his confinement in the segregation unit of the High Security U.S. Penitentiary operated by the BOP.

Briefly, the district court construed Mr. Proenza's request for equitable parole as a request for habeas relief. The district court dismissed this claim along with several defendants including Defendants Reno, Meissner, Hawk, Greene and Simson because Mr. Proenza was no longer detained in the district of Colorado. R. doc. 53 at 1-2. The district court also denied various other motions brought by Mr. Proenza, including one for appointment of counsel, and determined that his Bivens action could proceed only against Defendants-Appellees Greco, Gray, Leader, Ploessel, Schultz, Smith, Walker, Grimes and Bond. Id. The district court denied reconsideration. R. doc. 56. The district court later granted the

remaining Defendants-Appellees' motion to dismiss Mr. Proenza's <u>Bivens</u> claims, and entered judgment against him on all claims.  R. doc. 70 & 71.

The district court based its dismissal of Mr. Proenza's <u>Bivens</u> claims on two grounds:  failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) of the Prisoner Litigation Reform Act and failure to sufficiently plead a claim for relief as required by Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 8(e)(1).  R. doc. 70.  Although the district court referred to Fed. R. Civ. P. 12(b)(1) and (b)(6), it did not reach the merits of Mr. Proenza's claims, instead concluding that it was "not possible to ascertain what claims of relief may properly be asserted against which individual defendants."  R. doc. 70 at 2.  The dismissal appears to be one under Fed. R. Civ. P. 8, requested by the Defendants-Appellees.  R. doc. 57 at 12-14.

On appeal, Mr. Proenza raises the following issues: (1) incorrect dismissal for failure to state claims for relief within the district court's jurisdiction; (2) incorrect exclusion of Defendants Reno, Hawk, Meissner, Greene and Simson as properly named defendants in Plaintiff's <u>Bivens</u> action; (3) issue (2) restated; (4) the repeated disregard by the court of facts and circumstances warranting the appointment of counsel; and (5) the court's disregard of several identifications of mentioned or referred defendants provided by the Plaintiff in his "Affidavit to Assist this Court in Locating and Identifying Defendants to Expedite Service," as

well as other described defendants. Mr. Proenza also challenges the district court's denial of his numerous motions.

We review a Rule 8 dismissal for an abuse of discretion. Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993). The government confesses error with regard to the district court's dismissal of Defendants Leader, Ploessel, Schultz, and Smith regarding various allegations of excessive force on January 17, 1997 (Leader), on February 9, 1997 (Ploessel and Schultz), and on February 25, 1997, and April 5, 1997 (Smith). Aplee. Br. at 11-12 (conceding that Plaintiff had stated "well-pleaded claims" under Fed. R. Civ. P. 12(b)(6) and the rules of liberal construction). We have reviewed the complaint and conclude that these claims are viable at this point. We also conclude that the claim regarding Ploessel's placement of Mr. Proenza in a cell with a "known contracted beater of other inmates" is viable. R. doc. 3, at 21; cf. Farmer v. Brennan, 511 U.S. 825, 834-38 (1994). However, with respect to the remaining five defendants, the only viable claim at this point is the claim against Gray arising from his actions on February 24, 1997. R. doc. 3, at 25 (alleging that Gray disregarded Mr. Proenza's request that he be moved to another cell after his allegedly insane cellmate threatened to kill him), id. at 31-32 (alleging that Gray "permitt[ed] . . . mental harm to be inflicted on the plaintiff"); cf. Zarnes v. Rhodes, 64 F.3d 285, 290 (7th Cir. 1995) (holding that inmate had stated a claim where his complaint alleged that

- 4 -

defendant knew that mentally ill inmate "presented an 'imminent potential' for assault and that placing [the plaintiff] in a cell with [the mentally ill inmate] posed a 'substantial risk of danger'"). Dismissal of all other claims and defendants is warranted given the pertinent legal standards, i.e., that respondeat superior does not apply and Bivens liability can only lie for personal participation of a defendant, see Kite v. Kelley, 546 F.2d 334, 338 (10th Cir.1976), and that a plaintiff must allege a subjective and objective component when pursuing a conditions of confinement claim. See Farmer, 511 U.S. at 834. Mr. Proenza's conclusory allegations that various supervisory defendants participated do not come close to the direct, personal participation required for Bivens liability.

Having concluded that certain allegations contained in the complaint are viable at this point, we turn to Mr. Proenza's failure to exhaust administrative remedies. We review a dismissal on this basis de novo. Miller v. Menghini, 213 F.3d 1244, 1246 (10th Cir. 2000). In light of this circuit's recent decision in Miller, we hold that the district court correctly dismissed Mr. Proenza's Bivens claims for injunctive relief, but erred in dismissing his claims for monetary damages. Id. (citing Garrett v. Hawk, 127 F.3d 1263, 1267 (10th Cir. 1997)).

It appears that Mr. Proenza may have been seeking leave to amend his complaint with his "Affidavit to Assist this Court in Locating and Identifying Defendants to Expedit[e] Service," R. doc. 45, insofar as identifying certain

- 5 -

unnamed officials in the complaint. Insofar as the claims we are remanding, Mr. Proenza may seek leave to amend his complaint. If he seeks leave to amend his complaint, the proposed amended complaint <u>must</u> comply with Rule 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as all other relevant rules. Neither the defendants nor the district court should be required to sort through hundreds of paragraphs in an effort to identify the operative facts and theories of the complaint.

Finally, the district court did not abuse its discretion in refusing to appoint counsel for Mr. Proenza. We reject all other claims advanced by Mr. Proenza on appeal.

AFFIRMED in part; REVERSED in part and REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge