**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**
**Byron White United States Courthouse**
**1823 Stout Street**
**Denver, Colorado 80257**
**(303) 844-3157**

**Patrick J.  Fisher, Jr.**
**Clerk**

January 31, 2001

**TO:**   ALL RECIPIENTS OF THE ORDER AND JUDGMENT

**RE:**   00-1158, *Nasious v. Ray, et al.*
Filed on January 19, 2001

The order and judgment contains two clerical errors.  On page four, second line down from the top of the page, the reference to "28 U.S.C. § 1916(b)" is corrected to read "28 U.S.C. § 1915(b)."  Also, on page four, in lines five, six and seven, the references to appellant's payment of the filing fee to the clerk of this court are corrected to reflect that appellant shall pay the filing fee to the clerk of the United States District Court for the District of Colorado.

A copy of the corrected order and judgment is attached.

Sincerely,

Patrick Fisher, Clerk of Court

By:   Keith Nelson
Deputy Clerk

encl.

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 19 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JOHN NASIOUS,

Plaintiff-Appellant,

v.

CHARLES RAY, Warden; MIKE
WISE, Chief of Security; GAIL
MILLER, Mailroom Superintendent;
MS. MARTINEZ, Mailroom Clerk;
CORRECTIONS CORPORATION
OF AMERICA, and John Doe,

Defendants-Appellees.

No. 00-1158
(D.C. No. 99-Z-2468)
(D. Colo.)

ORDER AND JUDGMENT  *

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff John Nasious, proceeding pro se, appeals from the district court's dismissal without prejudice of his prisoner's civil rights complaint alleging violation of 42 U.S.C. § 1983. The court dismissed the complaint for failure to exhaust administrative remedies. *See* 42 U.S.C. § 1997e(a). We exercise jurisdiction under 28 U.S.C. § 1291, and affirm in part and reverse in part.

We review a dismissal for failure to exhaust administrative remedies de novo. *Miller v. Menghini*, 213 F.3d 1244, 1246 (10th Cir. 2000). At the time of the alleged incident, Mr. Nasious was incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. He alleged that defendants at that facility unlawfully interfered with his legal mail, denying him access to the courts, and sought monetary damages and injunctive relief. Under §1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement is mandatory. *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir. 1997). In his complaint, Mr. Nasious admitted that he had not exhausted his administrative remedies.

We note, however, that Mr. Nasious sought monetary damages in addition to injunctive relief, and those claims are not subject to § 1997e(a)'s exhaustion requirement where prison administrative procedures do not allow for such relief. *Menghini*, 213 F.3d at 1246. The government has informed the court that the Colorado Department of Corrections administrative remedies available to prisoners do not include damages and concedes that the district court's dismissal of the claim for monetary damages was erroneous. Appellee's Answer Br. at 4. The district court's dismissal of Mr. Nasious's claim for money damages is therefore reversed and remanded for further proceedings.

Mr. Nasious is now incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado, and had been transferred there before the district court dismissed his claim for injunctive relief. Because Mr. Nasious has not alleged facts indicating that he may be transferred back to the Bent County facility, his claim for prospective injunctive relief regarding Bent County's mail policy is now moot. *See McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) (noting that "when a favorable decision will not afford plaintiff relief, and plaintiff's case is not capable of repetition yet evading review, we have no jurisdiction under Article III" because the "controversy is no longer live and ongoing" and the prisoner cannot "demonstrate a good chance of being likewise injured [by the defendant] in the future") (quotation omitted).

Finally, Mr. Nasious had moved for leave to proceed on appeal without prepayment of fees under 28 U.S.C. § 1915(b), and has consented to disbursement of partial payments of the filing fees from his prison account. We grant Mr. Nasious's application to proceed *in forma pauperis*. He must pay $105.00 to the clerk of the district court. His custodian shall, within thirty days of the date of this order, deduct and pay to the clerk of the United States District Court for the District of Colorado an amount equal to 20 percent of the greater of:

A) the average monthly deposits to his account, or

B) the average monthly balance in his account for the 6-month period immediately preceding filing of the notice of appeal in this case.

In either event, Mr. Nasious's custodian shall forward payments from his account equal to 20 percent of the preceding month's income each time the account exceeds $10.00 until the filing fees are paid in full. The district court clerk for the District of Colorado is directed to serve a copy of this order on Mr. Nasious's custodian forthwith.

The judgment of the United States District Court for the District of

Colorado is REVERSED as to the claim for monetary damages, AFFIRMED

as to the claim for injunctive relief, and REMANDED to the district court for

further proceedings.    The mandate shall issue forthwith.


                        Entered for the Court


                        Bobby R. Baldock
                        Circuit Judge