**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID CROCKER; EDWARD J.
FORD, JR; KEVIN DWIGHT LEWIS;
and KENNETH HARVEY,

     Plaintiffs - Appellants,

v.

T. DURKIN, Associate Warden,
Bureau of Prisons, Leavenworth, KS;
MICHAEL CROWELL, Chaplain,
Bureau of Prisons, Leavenworth, KS;
A. MENDEZ, Lieutenant, Bureau of
Prisons, Leavenworth, KS; E.
ONTIVEROS, Counselor, Bureau of
Prisons, Leavenworth, KS; and
LARRY SMITH, Disciplinary Hearing
Officer,

    Defendants - Appellees.

No. 02-3140
D.C. No. 98-CV-3157-CM
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This is a civil rights action brought pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), by four federal prisoners. Appellants allege that certain federal prison officials participated in religious discrimination in violation of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1 (2002). Appellants are members of the Nation of Islam faith. They allege that while incarcerated at the United States Penitentiary in Leavenworth, Kansas, they were subjected to several instances of religious discrimination. Appellants sued certain prison officials in their official capacities seeking injunctive relief, and also in their individual capacities seeking monetary damages. The district court dismissed the claims for injunctive relief on behalf of three of the four Appellants as moot since they were no longer incarcerated at USP Leavenworth. The district court also granted summary judgment on the merits of all the remaining claims, holding that in each instance the conduct of the Defendants did not substantially burden the free exercise of the inmates' religion. This appeal followed.

We review the grant of a motion to dismiss and a motion for summary

judgment *de novo*, applying the same standards applied in the district court, accepting as true all well-pleaded facts. See Simms v. Oklahoma, 165 F.3d 1321, 1326 (10th Cir. 1999).

## I. Mootness

With respect to the issue of mootness, we agree with the district court that the claims for injunctive relief on behalf of Messrs. Ford, Lewis, and Harvey are moot and non-justiciable. The alleged discriminatory actions occurred while all four Appellants were incarcerated at USP Leavenworth. Since that time, Messrs. Ford and Lewis have been relocated to the United States Penitentiary in Florence, Colorado, and Mr. Harvey has been relocated to the United States Penitentiary in Pollock, Louisiana. As the district court noted, "[t]hey are no longer subject to the rules and regulations of USP Leavenworth, and the possibility of reoccurrence of any alleged violations depends upon plaintiffs being transferred back to USP Leavenworth at some point in the future." Crocker v. Durkin, No. 98-3157-CM, at 4 (D. Kan. filed Apr. 26, 2002). We have repeatedly refused to recognize such a possibility as an exception to the mootness doctrine. See Nasious v. Ray, 3 Fed. Appx. 745, 747, 2001 WL 46228 at *1 (10th Cir. Jan. 19, 2001); Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997); McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984).

Consistent with this analysis, the district court did not err in dismissing the

claims for injunctive relief on behalf of Messrs. Ford, Lewis, and Harvey as moot. As the district court noted, however, the equitable claims of Mr. Crocker as well as all of the claims for monetary damages remain justiciable. We now turn to the district court's grant of summary judgment on the merits of those claims.

## II. RFRA Claims

Appellants allege eleven separate instances in which prison officials burdened Appellants' religious freedom in violation of RFRA. RFRA states that government officials "shall not substantially burden a person's exercise of religion." 42 U.S.C. § 2000bb-1(a) (2002). We have previously held that "a plaintiff establishes a prima facie claim pursuant to RFRA by proving the following three elements: (1) a substantial burden imposed by the federal government on a (2) sincere (3) exercise of religion." Kikumura v. Hurley, 242 F.3d 950, 960 (10th Cir. 2001). Once a plaintiff has met his prima facie burden, the government must show that the imposition "is in furtherance of a compelling governmental interest." Id. at 962 (internal quotations and citation omitted). We have recognized, in the prison context, that the maintenance of safety and order is a compelling governmental interest. Id. at 962.

Applying these legal standards, the district court examined each of the eleven alleged instances of religious discrimination in detail. The district court concluded that, in each instance, the Plaintiffs had failed to show a substantial

burden on the free exercise of their religion. Despite this conclusion, with respect to certain of those allegations, the district court went on to consider whether the Government was pursuing a compelling interest and using the least restrictive means.

We conclude that in each of the eleven instances of alleged religious discrimination the Appellees' actions did not rise to the level of a substantial burden on the free exercise of religion as that standard is defined in our cases. Therefore, we need not reach either the issue of whether the Government has carried its burden of showing a compelling governmental interest or whether it pursued the least restrictive means.

**AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge