**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE EDWIN FLORENCE,

Plaintiff-Appellant,

v.

J.W. BOOKER, JR., Warden, USP-Leavenworth; SARA MCKEE, Mail Room Supervisor, USP-Leavenworth, both individually and in their official capacity,

Defendants-Appellees.

No. 98-3153
(D.C. No. 97-CV-3480)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

George Edwin Florence appeals the district court's dismissal of his Bivens claim for failure to exhaust administrative remedies. We affirm in part, reverse in part, and remand for further proceedings.

Florence, a federal inmate, brought this action alleging officials at the facility violated his constitutional rights by opening legal mail outside his presence. Both facility policy and 28 C.F.R. § 540.18 direct that such "Special mail," if properly designated, be opened only in the presence of the inmate. The district court dismissed the action on the ground that Florence had not complied with The Prison Litigation Reform Act, 42 U.S.C. § 1997e, which provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." It is not disputed that Florence, who seeks both injunctive relief and monetary damages, did not seek administrative relief before filing his complaint.

On appeal, Florence contends the district court erred in ignoring Garrett v. Hawk, 127 F.3d 1263 (10th Cir. 1997). He is correct in part. In Garrett, this court held a plaintiff bringing a Bivens claim against prison officials for monetary damages was not required to exhaust administrative remedies because no such remedies were available via the prison grievance system. See id. at 1266-67. The court did not adopt the broader proposition urged by Florence that all Bivens

claims are excluded from the exhaustion requirement of § 1997e. Instead, the court's limited opinion turned on the fact that while Congress intended § 1997e to encompass Bivens claims for monetary damages, it had "to date failed to provide any administrative remedies that must or even could be exhausted before a Bivens suit may be brought by prisoners against prison officials." Id. at 1267.

Here, the district court did not distinguish between Florence's monetary and injunctive claims. It is apparent from Garrett, however, that the court erred in dismissing Florence's Bivens claim for monetary damages as there are currently no available administrative remedies to be exhausted. In contrast, appropriate administrative remedies are available to Florence with respect to his claim for injunctive relief. See 28 C.F.R. § 542; see also Russo v. Palmer, 990 F. Supp. 1047, 1050 (N.D. Ill. 1998). As such, that claim was properly dismissed pursuant to § 1997e for failure to exhaust administrative remedies.

We REVERSE the district court's dismissal of Florence's Bivens claim for monetary damages, AFFIRM the dismissal of Florence's claim for injunctive relief, and remand for further proceedings. Florence's motion for a temporary restraining order filed September 15, 1998, is DENIED as moot.

Entered for the Court

Mary Beck Briscoe
Circuit Judge