**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 2000**

**PATRICK FISHER**
Clerk

**PUBLISH**

# UNITED STATES COURT OF APPEALS
## TENTH CIRCUIT

---

RICHARD J. MILLER,

       Plaintiff-Appellant,

v.

JOHN MENGHINI, President, Impact
Design, Inc.; JOSEPH MENGHINI,
General Manager, Impact Design, Inc.;
DAVID MENGHINI, Supervisor,
Impact Design, Inc.; IMPACT
DESIGN, INC.; LEONARD L.
ELWELL, Director of Administration,
Kansas Correctional Industries;
DAVID R. MCKUNE, Warden,
Lansing Correctional Facility;
CHARLES E. SIMMONS, Secretary,
Department of Corrections; KANSAS
DEPARTMENT OF CORRECTIONS,
Landon State Office Building, A.
DOE, Assistant Warden of Operations,
Lansing Correctional Facility; B.
DOE, Assistant Warden of Programs,
Lansing Correctional Facility; C.
DOE, C. Doe through P. Doe, Lansing
Correctional Facility; C. DOE, C. Doe
through P. Doe, Impact Design,

       Defendants-Appellees.

No. 99-3401

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 99-3249-GTV)

Submitted on the briefs:*

Richard J. Miller, Pro Se.

Before **SEYMOUR**, Chief Judge, **EBEL** and **BRISCOE**, Circuit Judges.

**SEYMOUR**, Chief Judge.

Richard Miller, a pro se prisoner, brought this civil rights complaint under 42 U.S.C. § 1983 asserting numerous constitutional claims related to his private prison industry work assignment. He seeks monetary and injunctive relief. The district court sua sponte dismissed the action under 42 U.S.C. § 1997e(a) based on Mr. Miller' failure to exhaust administrative remedies. We affirm in part, reverse in part, and remand for further proceedings.

Mr. Miller's complaint is governed by section 1997e(a) as amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 803, 110 Stat. 1321 (1996) (PLRA). That section now provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Mr. Miller contends that in light of *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir. 1997), dismissal under section 1997e(a) was improper because he is seeking money damages and no administrative procedures are available to provide that relief. We review de novo a dismissal pursuant to section 1997e(a). *Id.* at 1264.

We addressed section 1997e(a) in *Garrett* with respect to a *Bivens* claim brought by a federal prisoner seeking money damages for the alleged violation of his constitutional rights under the Eighth Amendment. We pointed out that under the current version of the statute, exhaustion of administrative remedies is mandatory. *Id.* at 1265. We further held, however, that if no administrative remedies are available, dismissal under that provision is improper. *Id.* at 1266. We reversed the dismissal in that case because the plaintiff sought money damages, a remedy that the available administrative procedures did not provide. We concluded "that no exhaustion of administrative remedies is required under PLRA in this case because no such remedies exist to be exhausted." *Id.* at 1267.

Although in *Garrett* the plaintiff sought *only* money damages, we have applied its holding, albeit in unpublished dispositions, in cases where as here the plaintiff seeks both monetary and injunctive relief. *See Fever v. Booker*, No. 98-

3239, 1999 WL 136922 (10th Cir. Mar. 15, 1999); *Florence v. Booker*, No. 98-3153, 1998 WL 694521 (10th Cir. Oct. 6, 1998).[1]  In those cases, we reversed the dismissal of the monetary claims.  While unpublished cases do not constitute precedent, *see* 10th Cir. R. 36.3, we find these cases persuasive.  Although *Garrett*, *Fever* and *Florence* involved *Bivens* claims brought by federal prisoners in which federal administrative procedures are at issue, we see no reason why their analysis is not also applicable to state prisoners bringing civil rights claims under section 1983 since section 1997e(a) covers both kinds of lawsuits.  *Accord Booth v. Churner*, 206 F.3d 289, 300 (3d Cir. 2000); *Rumbles v. Hill*, 182 F.3d 1064, 1069 (9th Cir. 1999).

---

[1] The courts have varied widely in applying the exhaustion requirement of section 1997e(a) to claims for money damages when administrative remedies do not provide monetary relief. *Compare Wright v. Hollingsworth*, 201 F.3d 663, 665-66 (5th Cir. 2000) (section 1983 claim seeking only monetary relief may not be dismissed for failure to exhaust administrative remedies that do not provide money damages); and *Rumbles v. Hill*, 182 F.3d 1064, 1066-70 (9th Cir. 1999) (same, recognizing circuit split), *with Booth v. Churner*, 206 F.3d 289, 300 (3d Cir. 2000) (section 1983 claimant seeking both injunctive and monetary relief must exhaust administrative remedies even if they do not provide money damages); *Lavista v. Beeler*, 195 F.3d 254, 256-57 (6th Cir. 1999) (same applied to *Bivens* claimant); *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 537-38 (7th Cir. 1999) (section 1983 claimant seeking only monetary relief must exhaust administrative remedies even if they do not provide money damages); and *Alexander v. Hawk*, 159 F.3d 1321, 1325-27 (11th Cir. 1998) (*Bivens* claimant seeking both injunctive and monetary relief must exhaust administrative remedies that do not provide money damages). *See also Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999) (noting unsettled state of law, reversing sua sponte dismissal of section 1983 claim for failure to exhaust administrative remedies, and remanding for answer from defendants and more complete record).

Mr. Miller is not required to exhaust his claim against state prison officials for monetary damages because no available state administrative procedures provide that remedy. In dismissing the entire action, the district court did not distinguish between Mr. Miller's monetary and injunctive claims and did not address the existence or adequacy of state procedures with respect to Mr. Miller's monetary claims. Accordingly, dismissal of those claims was improper. Dismissal of Mr. Miller's claims for injunctive relief, however, was appropriate. *See Florence*, 1998 WL 694521 at *2.

We **REVERSE** with respect to Mr. Miller's claims for monetary relief and **REMAND** those claims for further consideration in light of this ruling. We **AFFIRM** the dismissal of Mr. Miller's claim for injunctive relief.