**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICH BRELO,

      Plaintiff-Appellant,

  and

THOMAS LEE GATES,

      Plaintiff,

v.

FRANK KEATING, Governor;
SGT. DON KING; LT. VICTOR
ANDERSON; RON WARD, Warden;
DR. CLIFF URANGA; FRED COOK,
Unit Manager; JIM FOSTER; SGT.
W.O. MOODY; A. DE LA ROSA,
aka Dr. Delarosa,

      Defendants-Appellees.


RICH BRELO,

      Plaintiff-Appellant,

v.

MR. BRAKENSAK, Law Library
Supervisor; BILLIE JAMES, Account
Clerk II or III; MIKE MARTIN,
Sergeant; CEAZER, Sergeant;
SOCKIE, Sergeant; JOHN DOE #1,
Sergeant a/k/a M. Cook, Sgt.;

Nos. 98-7174
&
99-7003
(D.C. No. 97-CV-623-S)
(E.D. Okla.)

99-7123
(D.C. No. 97-CV-683-B)
(E.D. Okla.)

BRINGINHAM, C/O; RANDY
LEAPER, Sergeant; HANDCOCK,
Sergeant; HOOD, Sergeant; FRANK
HUMPHERY; NOLAN, Lieutenant;
REA, Lieutenant; FATKIN, Chief of
Security; MARTIN; SPEARS, C/O;
HARRIS, C/O,

Defendants-Appellees.

## ORDER AND JUDGMENT [*]

Before **TACHA** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Rich Brelo, an inmate incarcerated in the Oklahoma State Penitentiary, appeals from the district court's dismissal of two complaints he filed against prison officials under 42 U.S.C. § 1983 alleging violation of his constitutional

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

rights. We have jurisdiction under 28 U.S.C. § 1291 and affirm the dismissal of both complaints.

In October and December 1987, Brelo filed separate pro se complaints against various prison officials alleging generally similar violations of his rights under the First, Eighth, and Fourteenth Amendments regarding free speech, excessive force, and treatment of medical needs. The complaints sought unidentified injunctive and declaratory relief and $6,000,000 in compensatory and punitive damages. The complaints were filed as separate cases and were assigned to different district judges. Defendants filed a combined *Martinez* report for both cases, and then moved for dismissal on various grounds and/or for summary judgment.

Following Brelo's response, the district court issued almost identical orders dismissing the two complaints. Because many of the individual claims involved allegations of unconstitutional conduct occurring more than two years prior to the filing of the complaints, the court held these claims barred by Oklahoma's two-year statute of limitations. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). The court next found that Brelo failed to exhaust his administrative remedies, and failed to present any legitimate reason for not doing so, and concluded that the complaints must be dismissed under 42 U.S.C. § 1997e. Finally, and apparently alternatively, the court determined that the allegations in

-3-

Brelo's complaints were vague and conclusory and his claims did not rise to the level of constitutional violations. It therefore dismissed the complaints pursuant to 28 U.S.C. § 1915(e).

We review de novo the district court's determination that Brelo's claims are barred by the statute of limitations. *See Sterlin v. Biomune Sys.*, 154 F.3d 1191, 1194-95 (10th Cir.1998). On appeal, Brelo contends that he alleged a continuing conspiracy and that his claims are therefore not barred by the statute of limitations. His allegations, however, are conclusory and insufficient to state a claim for conspiracy. *See Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). His contention that the statute of limitations should have been tolled because he suffers from post traumatic stress disorder is also unpersuasive. Oklahoma's two-year limitations period may be tolled until one year after the removal of a disability if the "person entitled to bring an action . . . at the time the cause of action accrued [was] under any legal disability." Okla. Stat. tit. 12, § 96. Brelo never alleged or showed in the district court that he suffered from this impairment or any legal disability at the time his causes of action accrued such that the statute could be tolled. The district court thus correctly determined that Brelo's claims accruing more than two years prior to the time he filed his complaints, which comprise the majority of his claims, are barred.

As to the remainder of Brelo's claims, we construe the district court's decisions as dismissing Brelo's complaints under § 1915(e)(2)(B)(ii), and we review those dismissals de novo. *See Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). After considering Brelo's arguments and reviewing the record, we agree with the district court that these claims contain vague and conclusory allegations that do not rise to the level of constitutional violations. They therefore failed to state claims on which relief may be granted and were appropriately dismissed. *See* § 1915(e)(2)(B)(ii). [1]

We conclude the remainder of Brelo's contentions on appeal are without merit. The judgments of the district court are AFFIRMED. All outstanding motions are DENIED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1] Because we conclude the district court correctly dismissed Brelo's claims on statute of limitations and § 1915(e) grounds, we need not address whether these claims should also have been dismissed on exhaustion grounds. We note, however, that Brelo's claims sought monetary damages, in addition to declaratory and injunctive relief, and we have held that claims seeking monetary damages are not subject to 42 U.S.C. § 1997e's exhaustion requirement where prison administrative procedures do not allow for such relief. *See Miller v. Menghini*, 213 F.3d 1244, 1246 (10th Cir. 2000); *Garrett v. Hawk*, 127 F.3d 1263, 1266-67 (10th Cir. 1997).

Nos. 98-7174, 99-7003 and 99-7123,    Brelo v. Gates, et al.
**EBEL, Circuit Judge, dissenting.**


I respectfully dissent.  I have reviewed Brelo's complaints, and in my opinion, they are sufficient to allege a violation of his constitutional rights and a conspiracy.

In my opinion, it was error to dismiss Brelo's pro se complaints pursuant to 28 U.S.C. § 1915(e), given our obligation to construe pro se pleadings liberally.

Brelo ultimately may not be able to prove his claims, but his claims should be resolved on the evidence and not the pleadings.

Accordingly, I would REVERSE and REMAND this case.