**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 28 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

CYRUS D.A. BRASWELL,

      Plaintiff-Appellant,

v.

DWAYNE ROBERSON; CHUCK
PORCO; JENNIFER GRUNDY; LEE
GREEN; R.E. HOLT,

      Defendants-Appellees.

No. 00-1403

(D.C. No. 00-Z-1099)

(D.Colo.)

ORDER AND JUDGMENT *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Cyrus D.A. Braswell, a federal inmate appearing pro se, appeals a district

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court order dismissing the civil rights complaint he brought against several prison officials pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that the appeal is legally frivolous and dismiss pursuant to 28 U.S.C. § 1915A(b)(1).

Braswell's pro se complaint alleged the following seven causes of action: (1) prison official Dwayne Roberson violated Braswell's Fifth Amendment due process rights by using a racial slur; (2) Roberson violated Braswell's Fourth Amendment right to privacy by placing him on the "non-promotion" list for not unsealing his military record to verify whether he completed high school; (3) prison official Chuck Porco violated Braswell's Fifth Amendment due process rights by placing him on "refusal status" for refusing to pay a court-ordered fine; (4) unnamed prison officials violated Braswell's Fifth Amendment due process rights by removing money without permission from his inmate account; (5) prison officials Jennifer Grundy and Lee Green violated Braswell's First Amendment rights to freedom of expression and association by respectively charging and convicting Braswell of the disciplinary offense of running a business after he entered into a contingency fee agreement to represent another inmate in court; (6) Warden R.E. Holt violated Braswell's right of access to the courts by implementing a more restrictive inmate telephone schedule; and (7) Warden Holt

2

violated Braswell's Fifth Amendment due process rights by failing generally to provide adequate training to prison personnel. Braswell's complaint sought injunctive relief and monetary damages exceeding $45,000,000.

The district court screened Braswell's pleading as required by 28 U.S.C. § 1915A(a) and dismissed the complaint in its entirety. With the exception of the fourth cause of action, which was dismissed without prejudice because Braswell failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a), the district court held that each of Braswell's claims was legally frivolous under 28 U.S.C. § 1915A(b)(1). As stated by the district court, a legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although it is settled law that we review a dismissal for failure to exhaust administrative remedies de novo, Miller v. Menghini, 213 F.3d 1244, 1246 (10th Cir. 2000), "this court has not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed de novo or for abuse of discretion," Plunk v. Givens, 234 F.3d 1128, 1130 (10th Cir. 2000). We need not resolve that issue here, however, because we would uphold the dismissal in its entirety under either standard of review for substantially the

3

same reasons set forth in the district court's order dated September 8, 2000.[1]

We have reviewed Braswell's complaint and appellate brief, the district court's order of dismissal, and the entire record on appeal and we DISMISS this appeal as frivolous. Because we agree with the district court that Braswell's complaint was frivolous, he has incurred two strikes as a result of this litigation pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[2] We further note that Braswell incurred two additional strikes while litigating in the Ninth Circuit. See Braswell v. Pugh, No. 99-35020, 2000 WL 84404 (9th Cir. Jan. 25, 2000); Braswell v. Cummings, No. 98-36059, 1999 WL 637921 (9th Cir. Aug. 17, 1999). Accordingly, Braswell is no longer entitled to proceed in forma pauperis in any federal lawsuit, other than habeas petitions, which do not involve "imminent danger of serious physical injury." White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998) (quoting 28 U.S.C. § 1915(g)). Braswell is reminded that

---

[1] Braswell correctly notes on appeal that the district court relied on Eighth Amendment cases in dismissing his Fifth Amendment "racial slur" claim, but this does not change the fact that, as with his remaining Fifth Amendment claims, Braswell has not implicated a life, liberty or property interest.

[2] 28 U.S.C. § 1915(g) provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4

he remains obligated to continue making partial payments of the appellate filing fee pursuant to 28 U.S.C. § 1915(b).  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge