F I L E D
United States Court of Appeals
Tenth Circuit

MAR 29 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALLEN DWAYNE BATES,

      Plaintiff - Appellant,

v.

GREGORY DAY; AL HERRERA,

      Defendants - Appellees.

No. 00-1517
(D.C. No. 00-Z-1486)
(District of Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

---

Plaintiff-appellant Allen Bates, a federal prisoner appearing pro se, filed a

civil rights action pursuant to 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown</u>

<u>Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging

deliberate indifference to his serious medical needs in violation of the Eighth

Amendment. The district court dismissed the action for failure to exhaust

administrative remedies. Bates challenges that decision, arguing that no

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

exhaustion requirement applies to his suit. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm in part and reverse in part.

Bates's jaw was injured in a fight with another inmate, and he was brought to defendant Gregory Day, a dentist, for treatment that included surgery and two follow-up appointments. Bates still suffers from pain and numbness in his jaw, which he claims are due to inadequacies in Day's treatment. Bates also claims he informed Al Herrera, the warden of F.C.I. Florence (where Bates is incarcerated), of the problems with his jaw. Alleging that Day and Herrera failed to provide him with adequate medical treatment, Bates filed this action seeking compensatory damages, punitive damages, and a court order requiring prison officials to provide him with appropriate dental treatment. In his complaint, Bates acknowledged that he had not exhausted the available administrative remedies. Upon receiving the complaint, the district court issued an order for Bates to show cause why his lawsuit "should not be dismissed for failure to exhaust administrative remedies." (R. Doc. 10 at 1.) After Bates filed a response to the show cause order, the district court noted that he sought both money damages and injunctive relief and, citing 42 U.S.C. § 1997e(a), dismissed his action without prejudice for failure to exhaust his remedies relating to his claim for injunctive relief.

Section 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." As the district court noted, federal prison regulations establish an administrative scheme through which "inmates may seek formal review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. We have previously determined that the administrative remedies available in 28 C.F.R. §§ 542.10–542.19 do not include monetary relief. See Garrett v. Hawk, 127 F.3d 1263, 1266 (10th Cir. 1997) ("The government concedes that if an inmate seeks purely monetary damages under the procedures provided for in 28 C.F.R. § 542.10, the institution staff will reject the claim as constituting improper subject matter for administrative review . . . ."). Because monetary relief is not available under the applicable administrative review scheme, "no exhaustion of administrative remedies is required" for Bates's claims for compensatory and punitive damages. Id. at 1267.

Although recognizing Garrett's holding excused exhaustion as to Bates's claims for monetary damages, the district court dismissed Bates's suit because he also sought injunctive relief—for which administrative exhaustion pursuant to § 1997e(a) is required. In so holding, the district court failed to consider Miller v. Menghini, 213 F.3d 1244 (10th Cir. 2000), in which a prisoner brought a civil

- 3 -

rights complaint seeking both monetary and injunctive relief.  In  Miller, we held that under those circumstances a district court should not dismiss the entire action, but rather should dismiss only the portion of the suit seeking injunctive relief.  See id. at 1246.

In light of Miller, we **REVERSE** the district court's dismissal of Bates's claims for monetary relief and **REMAND** those claims for further proceedings. We **AFFIRM** the dismissal of Bates's claim for injunctive relief.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge