# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3004

_____

Doyle Garland Gill,

        Appellant,

v.

Doyle Herndon; Charles Burton,

        Appellees.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Arkansas.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: May 2, 2001
Filed: May 8, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Doyle Garland Gill appeals the District Court's[1] dismissal of his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) (Supp. IV 1998). Having reviewed the record and the parties' briefs de novo, see Miller v. Menghini, 213 F.3d 1244, 1246 (10th Cir. 2000) (standard of review), we affirm.

_____

[1]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

Gill failed to attach to his complaint any proof of administrative exhaustion. In fact, Gill did not even attach proof of his initial grievances that were embodied in administrative records. Cf. McAlphin v. Morgan, 216 F.3d 680, 682 (8th Cir. 2000) (per curiam) (to satisfy § 1997e(a)'s requirements, inmate must allege exhaustion of available administrative remedies and should attach administrative decision, if it is available, showing disposition of his complaint). In response to the defendants' motions to dismiss, Gill filed only the first step of a grievance wherein he made allegations different from those in his complaint, against a sergeant not named as a defendant. See Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000) (holding that a district court, acting on a motion to dismiss, was obligated to make findings of fact on question of exhaustion by considering affidavit submitted by defendants as well as inmate's response to dismissal motion), cert. denied, 121 S. Ct. 1106 (2001).

Accordingly, we affirm, see 8th Cir. R. 47B, and we clarify that the dismissal was without prejudice, see McAlphin, 216 F.3d at 682. We deny Gill's pending motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.