**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUAN DE DIOS MAGALLANES-
ROBLEDO,

      Plaintiff - Appellant,

v.

B.O.P. PERSONNEL OF
PSYCHOLOGY; PSYCHIATRIC DR.
JENNINGS; MR. ZAHN
PSYCHOLOGY,

      Defendants - Appellees.

No.  01-1169
(No. 00-Z-2509)
(District of Colorado)

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

---

Juan de Dios Magallanes-Robledo, a federal inmate, brought this pro se

Bivens [1] suit against various prison officials alleging denial of medical care in

violation of the Eighth Amendment.  The district court dismissed the suit without

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

prejudice for failure to exhaust Bureau of Prisons administrative remedies as required by the Prison Litigation Reform Act of 1995. Magallanes appeals, and we affirm.

We review the district court's dismissal for failure to exhaust administrative remedies de novo. Miller v. Menghini, 213 F.3d 1244, 1245 (10th Cir. 2000). Magallanes brought this suit seeking to obtain surgery to correct ringing in his ear, the return of allegedly confiscated medication, and to "have [his] good time back." (Am. Compl. at 6.) However, 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." As a result, Magallanes must exhaust the remedial scheme set forth in 28 C.F.R. §§ 542.10–.19 (Bureau of Prisons Administrative Remedy Program) before he may bring this Bivens action for denial of medical care. Although Magallanes has made use of the available administrative process, our careful review of the record reveals that he has not exhausted that process. [2]

_____

[2] Magallanes claims that he has satisfied the exhaustion requirement because he filed an appeal with the regional director of the federal bureau of prisons. That appeal was denied on the basis that Magallanes had not exhausted "all available means" at his institution. (R. Regional Administration Remedy

(continued...)

-2-

Finally, we reject Magallanes's assertion that he need not exhaust remedies because the damage is already done. As the Supreme Court recently stated, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 121 S. Ct. 1819, 1825 (2001). For substantially the same reasons set forth by the district court, we **AFFIRM**.[3]

The mandate shall issue forthwith.

Entered for the Court,

Carlos F. Lucero
Circuit Judge

---

[2](...continued)
Appeal Resp.) Furthermore, the record does not show that Magallanes took his appeal to the national level as permitted by 28 C.F.R. § 542.15.

[3] On June 15, 2001, the Court assessed costs and fees, payable in partial payments. The Court reminds Magallanes of his continuing obligation to make partial payments until the entire fee has been paid. Magallanes's June 27, 2001, filing, which we construe as a motion to amend the order of June 15, 2001, is denied.