**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 15 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VERYL D. CRAWFORD,

      Plaintiff - Appellant,

v.

ALLAN DALE FRASIER, Plant
Manager, Century Manufacturing Inc.,
El Dorado, KS; ROBERT SAPIEN,
Unit Team Manager, El Dorado
Correctional Facility,

      Defendants - Appellees.

No. 01-3265
(No. 01-CV-3244-GTV)
(District of Kansas)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **KELLY** , and **LUCERO** , Circuit Judges.

---

      Plaintiff Veryl D. Crawford, proceeding pro se, appeals the district court's

dismissal of his prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983, for

---

     * The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

failure to exhaust administrative remedies and failure to state a claim for relief. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm, but we remand with instructions to modify the judgment.

Plaintiff is incarcerated in the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. In his complaint, he seeks damages for the alleged violation of his constitutional rights concerning a workplace incident that resulted in disciplinary action being taken against him.

In June 1999, plaintiff was employed at Century Manufacturing, a private prison industry associated with the EDCF facility. After a verbal altercation with one of Century's supervisors, plaintiff was removed from his work assignment by Allan Dale Frasier, the plant manager. Plaintiff received a work performance disciplinary report, which he claims was based on a false charge. He was found guilty of the offense specified in the charge and sanctioned with the loss of sixty days of good time.

Plaintiff sought damages in district court from Robert Sapien, his EDCF unit team manager, for failing to investigate adequately the workplace disciplinary report, failing to protect him from the false charge, and failing to restore him to his workplace assignment. Plaintiff, who is African American, also seeks damages from plant manager Frasier for having treated him differently from white inmates who were either not fired or were later rehired.

Plaintiff first contends that the district court erred in dismissing his complaint for failure to exhaust administrative remedies. We review de novo a dismissal for failure to exhaust. See Miller v. Menghini, 213 F.3d 1244, 1246 (10th Cir. 2000). Before both the district court and this Court, plaintiff has documented his failure to exhaust the prison's administrative grievance procedure, but has argued that no formal exhaustion of administrative remedies is required. Prisoners bringing 42 U.S.C. § 1983 claims must, however, exhaust available administrative remedies before proceeding in federal court. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). This provision requires full exhaustion of the available formal grievance procedure, regardless of the nature of the relief being sought. See Booth v. Churner, 121 S. Ct. 1819, 1825 (2001) (holding exhaustion requirement of 42 U.S.C. § 1997e(a) applicable even where prisoner seeks only monetary relief). Here, plaintiff has not fully and completely exhausted available administrative remedies. Thus, the district court properly held that he may not proceed on his claims in federal court.

Plaintiff next suggests that the district court erred in dismissing his complaint against Century plant manager Frasier for failing to state a claim for

relief. We review de novo a dismissal for failure to state a claim. See Perkins v. Kan. Dep't of Corrs., 165 F.3d 803, 806 (10th Cir. 1999) (applying de novo review to dismissals under § 1915(e)). To the extent plaintiff seeks damages from Frasier as a private individual and not a person acting under color of state law, no claim for relief can be stated under 42 U.S.C. § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Moreover, as the district court noted, even if state action and the lack of administrative remedies in this prison related industry were to be presumed, plaintiff's broad and conclusory allegations of racial discrimination and retaliation by Frasier would not state a claim for relief. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (conclusory allegations are insufficient to state a claim on which relief can be based). The district court thus committed no error.

Plaintiff also argues that the district court abused its discretion in dismissing his complaint without affording him notice and an opportunity to be heard in opposition. A prisoner's complaint that fails to state a claim for relief may be dismissed at any time by the district court. See 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or portion thereof, that may have been paid, the

court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."). The district court's dismissal of plaintiff's complaint against Frasier was thus proper. In addition, although the dismissal provision of § 1915(e)(2) does not authorize the court's sua sponte dismissal of a prisoner's claims due to lack of exhaustion of administrative remedies, courts may dismiss actions on their own motion in a broad range of circumstances where they are not explicitly authorized to do so by statute or rule. See, e.g., Link v. Wabash R.R. Co., 370 U.S. 626, 629–32 (1962) (district court has inherent power to dismiss sua sponte for failure to prosecute); Costello v. United States, 365 U.S. 265, 286–87 (1961) (district court may dismiss sua sponte for plaintiff's failure to comply with an order of the court). In his brief before the district court in the present case, plaintiff fully documented his failure to exhaust the administrative remedies available to him and fully argued that his failure to exhaust should be excused. Under these circumstances, the district court's sua sponte dismissal was proper and did not prejudice plaintiff.

Plaintiff is correct, however, that the district court did not make clear whether his claims against Sapien and Frasier were dismissed with or without prejudice. With respect to plaintiff's complaint against Frasier, dismissal for failure to state a claim should be with prejudice. With respect to plaintiff's complaint against Sapien, dismissal for failure to exhaust should be without

prejudice.

Finally, we note that the district court granted plaintiff's application to proceed without prepayment of the appellate filing fee. Plaintiff's motion before this Court to proceed without prepayment of costs will thus be denied as moot. [1]

We **AFFIRM** the district court but **REMAND** with directions to modify the judgment to reflect that plaintiff's complaint against defendant Frasier is dismissed with prejudice, and that his complaint against defendant Sapien is dismissed without prejudice. Plaintiff's Motion for Leave to Proceed on Appeal without Prepayment of Costs or Fees is **DENIED**.

The mandate shall issue forthwith.

Entered for the Court,

Carlos F. Lucero
Circuit Judge

---

[1] We also note that plaintiff, as per the district court's order of August 17, 2001, must continue making partial payments for his district court and appellate filing fees until the entire balance of these fees is paid.