**F I L E D**
**JUN 21 2002**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD A. BOULDEN,

       Plaintiff - Appellant,

v.

LAWRENCE TAFOYA, Warden; PAT
SNEDEKER, Assistant Warden;
STEVE RICHARDS; ROBERT
MIERA,

       Defendants - Appellees.

No. 02-2024
(No. CIV-01-353-KBM)
(D. New Mexico)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Donald A. Boulden, a New Mexico state prisoner, appeals the federal

magistrate judge's dismissal without prejudice of his 42 U.S.C. § 1983 claim for

---

  * The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The Court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

failure to exhaust available administrative remedies. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In March 1999, Boulden was transferred by the New Mexico Department of Corrections to a facility near Las Cruces, New Mexico, where he was placed in the general prison population. On the evening of the transfer, he alleges he was assaulted while in his bunk by several inmates. Boulden was provided medical treatment and transferred again, first to a correctional facility in Los Lunas and then to one in Grants, New Mexico. While at Los Lunas, Boulden filed a grievance claiming that he was being denied adequate medical care. This grievance was denied, however, due to his transfer to the Grants facility.

In March 2001, Boulden filed a "Complaint for Money Damages for Violation of Civil Rights" in the district court, alleging violations under § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution arising from prison officials' failure to protect him from the abuse of the other inmates. The parties agreed to have a magistrate judge preside over the action and enter final judgment. After the magistrate addressed scheduling and discovery matters, and held a pair of settlement conferences, defendants raised for the first time the issue of Boulden's exhaustion of his administrative remedies. The magistrate initially stayed the proceedings to allow Boulden to file an appropriate grievance, but upon reviewing defendants' motion for reconsideration

of the stay the magistrate determined that dismissal of the action without prejudice was mandatory.  Boulden timely appealed the dismissal to this Court.

We review de novo a dismissal for failure to exhaust administrative remedies.  Miller v. Menghini, 213 F.3d 1244, 1246 (10th Cir. 2000), overruled on other grounds by Booth v. Churner, 532 U.S. 731 (2001).  Pursuant to the Prison Litigation Reform Act of 1995, prisoners bringing § 1983 claims must exhaust available administrative remedies before proceeding in federal court.  See 42 U.S.C. § 1997(e)(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  This provision requires full exhaustion of the available formal grievance procedure, regardless of the nature of the relief being sought.  Booth, 532 U.S. at 741.

Boulden does not claim ever to have filed a grievance alleging a failure to protect.  Indeed, the only grievance documented in the record is the allegation of inadequate medical treatment that he filed while at the Los Lunas facility.  We thus agree with the magistrate that Boulden has failed to document his exhaustion of available administrative remedies.  We also conclude that Boulden's contention that he need not exhaust because money damages are unavailable as an administrative remedy is foreclosed by Booth.

The district court's dismissal without prejudice of Boulden's action is

**AFFIRMED** .

The mandate shall issue forthwith.


ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge