F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 6 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CORTEZ DORNELL WALTERS,

      Plaintiff - Appellant,

v.

TERRY TUGLE; T. BUTLER; JOHN
DOE, Mail Room Worker; ERICK
FRANKLIN; SGT. TAYLOR;
BUFFERY GUTHRIE; YATES,
Counselor; CLIFF HARRIS; PHYLLIS
COLLINS; OFFICER WOFFORD;
OFFICER SCOGGINS,

      Defendants - Appellees.

No. 03-7005
(D.C. No. 02-CV-197-P)
(E. District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

    Cortez Dornell Walters, an Oklahoma prisoner proceeding pro se, appeals

the district court's dismissal without prejudice of his 42 U.S.C. § 1983 suit for

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

failure to exhaust available administrative remedies.  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

This case has a lengthy factual history, set forth by the district court in its Order of January 9, 2003, and we repeat here only those facts necessary to an understanding of the background of this case.  In November of 2000, Walters received an offense report for "Individual Disruptive Behavior" based on a positive drug urinalysis.  Walters v. Tugle, No. CIV-02-197-P, slip op. at 2 (E.D. Okla. Jan. 9, 2003).  Although he was given a copy of the specimen report, he claims that he was not provided with a copy of allegedly exculpatory evidence reports.  He further contends that although his signature is on the investigator's report, indicating that he had in fact been provided with all reports, it was a forgery.  At his disciplinary hearing on December 7, Walters was found guilty of Individual Disruptive Behavior, resulting in fifteen days of disciplinary segregation, loss of visitation for forty-five days, and loss of 180 earned credits.  At a subsequent rehearing, Walters was again found guilty.  Walters did not timely appeal this decision through the administrative appeals process.[1]

---

[1]  Although Walters had fifteen days to appeal his misconduct conviction, he failed to do so.  He later filed a grievance, which was returned to him advising him that the misconduct appeal procedure, and not the grievance procedure, was the appropriate avenue to appeal a misconduct conviction.  Walters subsequently filed a grievance with the Department of Corrections' Administrative Review Authority in the Director's Office, but it was returned to him for failure to comply

(continued...)

In July of 2001, Walters filed the instant § 1983 suit, alleging a variety of constitutional violations stemming from this incident and other occurrences during his incarceration. In dismissing Walter's suit, the district court found that Walters failed to exhaust his administrative remedies and presented no legitimate reason for not doing so.

We review de novo a dismissal for failure to exhaust administrative remedies. Miller v. Menghini, 213 F.3d 1244, 1246 (10th Cir. 2000), overruled on other grounds by Booth v. Churner, 532 U.S. 731 (2001). Pursuant to the Prison Litigation Reform Act of 1995, prisoners bringing suit under § 1983 must first exhaust available administrative remedies before seeking relief in federal court. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Full exhaustion of available remedies is required regardless of the nature of the relief sought. Booth, 532 U.S. at 741.

We have carefully reviewed Walter's appellate brief, the district court's order, and the material portions of the record on appeal, and agree that Walters

_____

[1](...continued)
with the grievance procedure rules. Walters was given ten days to submit a proper grievance appeal, but failed to do so.

has failed to exhaust his available administrative remedies. Nowhere in the record is there evidence that Walters properly used the available prison grievance process to make his constitutional claims. Accordingly, we **AFFIRM**.[2] Walters is reminded to make partial payments until the entire appellate filing fee is paid in full.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

---

[2] We **DENY** Walter's "Application for Settlement Request," in which he proclaims his willingness to settle with the defendants for twenty-five-thousand dollars.