**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 11 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FAMAMARZ MEHDIPOUR,

        Plaintiff-Appellant,

v.

DARREN SWENSON, RENEE
WATKINS, Assistant Warden; TOM
KESSLER, Assistant Warden; KELLY
WILKELY, Chief of Security;
CAPTAIN STEER, Shift Supervisor;
CURTIS BOOHER, Investigator;
HEATHER BERNARD, Mailroom
Clerk; JAN REEDER, Classification
Clerk; OFFICER CASH, DON POPE,
individually and in their official
capacities; CORRECTIONS
CORPORATION OF AMERICA, a
Delaware corporation,

        Defendants-Appellees.

No. 03-6054

(W.D. Oklahoma)

(D.C. No. 01-CV-1752-B)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to decide this case on the briefs without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Faramarz Mehdipour, a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against various prison officials alleging that they violated his First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights. The district court granted the defendants' motion to dismiss, without prejudice, for failure to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a). We conclude that the district court was correct and affirm its dismissal of Mr. Mehdipour's claims.

Mr. Mehdipour's complaint alleged that, based upon his Middle Eastern descent and in the wake of the Sept. 11, 2001 attacks: (1) he was placed in segregation, denied his mail, denied any exercise time, had his legal and religious materials (Koran, prayer rug) confiscated, and received reductions in his earned good time credits; (2) his confidential personal and legal correspondence, including money orders correspondence with the courts and his attorneys, was confiscated; (3) he was deprived and denied access to the few legal resources the prison provided, and his research materials related to that research were confiscated; (4) in retaliation for his threats of legal action, Mr. Mehdipour was

placed in segregation; (5) the prison's policies in training its employees to take part in the above actions violated his constitutional rights; (6) the defendants conspired to violate Mr. Mehdipour's constitutional rights; (7) the defendants have violated Mr. Mehdipour's Sixth Amendment right of access to the courts; (8) acting with deliberate indifference, the defendants placed Mr. Mehdipour in substantial danger in his housing assignment; (9) the defendants established a policy of denying inmates access to the courts through the provision of a contract attorney; and (10) the defendants established a policy of discriminating against persons of Middle Eastern descent by denying them certain privileges and educational assignments.

We review de novo a dismissal for failure to exhaust administrative remedies. *Miller v. Menghini*, 213 F.3d 1244, 1246 (10th Cir. 2000), *overruled on other grounds by Booth v. Churner,* 532 U.S. 731 (2001). Since Mr. Mehdipour is pro se, we liberally construe his filings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Pursuant to the Prison Litigation Reform Act of 1995, prisoners bringing suit under § 1983 must first exhaust available administrative remedies before seeking relief in federal court. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

-3-

facility until such administrative remedies as are available are exhausted."). Full exhaustion of available remedies is required regardless of the nature of the relief sought. *Booth*, 532 U.S. at 741. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

As the district court explained, the Cimarron Correctional Facility has a three-tier approach to resolving inmate complaints. To exhaust available remedies at the facility, an inmate must (1) attempt to resolve matters informally, (2) file a grievance with the facility, and (3) appeal any unresolved matter to the facility head. Rec. doc. 50, at 3 (Mem. Order, filed Dec. 26, 2002). The record indicates that while incarcerated, Mr. Mehdipour filed but two grievances at the facility, despite the number of claims he raises here. The first grievance addressed the facility's failure to deposit the money order into his account. This grievance was returned because Mr. Mehdipour did not seek an informal resolution of the dispute before filing the grievance. Second, Mr. Mehdipour filed a grievance regarding the confiscation of legal mail. This grievance was not appealed.

We have carefully reviewed Mr. Mehdipour's appellate brief, the district court's order, and the record on appeal, and agree that Mr. Mehdipour has failed to exhaust his available administrative remedies. Nowhere in the record is there evidence that Mr. Mehdipour properly used the available prison grievance process

to make his constitutional claims. Accordingly, we AFFIRM the district court's grant of the defendants' motion to dismiss for failure to exhaust without prejudice.[1]

For the reasons stated below, we affirm.

Entered for the Court,

Robert H. Henry
Circuit Judge

---

[1] We also deny Mr. Mehdipour's "Motion for Stricken Unauthorized Order."