**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALBERT MATHEWS,

      Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS; GARY WATKINS,
Warden, Fremont Correctional
Facility; TIMOTHY GREEANY, Dr.,
Medical Staff; LOTTIE BECK;
CONNIE BATSON; DAVE HOLT;
THERESA MECHE; CAPT.
DANSDILL; LT. McGINNISS; SGT.
BABCOCK,

      Defendants-Appellees.

No. 05-1010
(District of Colorado)
(D.C. No. 04-Z-1301)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

      After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

    [*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, state prisoner Albert Mathews appeals the district court's dismissal of the civil rights complaint he brought pursuant to 42 U.S.C. § 1983. Mathews' complaint contained two claims: (1) Defendants deprived him of his Eighth Amendment right to be free from cruel and unusual punishment when they required him to clean a prison dumpster containing caustic chemicals without providing him with protective clothing, and (2) Defendants were deliberately indifferent to his medical needs when they refused to adequately treat the skin disorder he developed after the dumpster incident. Mathews submitted documentation indicating that he exhausted his administrative remedies only with respect to his Eighth Amendment, medical-care claim. The district court dismissed Mathews' complaint without prejudice, concluding he had failed to exhaust his administrative remedies as to his claim that his Eighth Amendment rights were violated when Defendants required him to clean the dumpster without protective clothing. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004) ("If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice.").

This court reviews a dismissal for failure to exhaust de novo. *See Miller v. Menghini*, 213 F.3d 1244, 1246 (10th Cir. 2000). On appeal, Mathews does not make any reasoned argument that he exhausted his Eighth Amendment claim premised on his alleged exposure to toxic chemicals in the prison dumpster. Accordingly, we conclude that the district court did not err when it dismissed Mathews' complaint without prejudice and **affirm** the district court's order. *See Ross*, 365 F.3d at 1190. Mathews' application to proceed *in forma pauperis* on appeal is **granted**, but he is reminded that he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge