**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

GEORGE E. FLORENCE,

      Plaintiff-Appellant,

v.

T. VELASQUEZ; GILBERT LYDE;
A. BERRIOS; M. CUNDOFF; H. A.
RIOS, JR.; G. L. HERSHBERGER;
HARRELL WATTS; A. JOHNSON; D
THARP; GOMEZ; H. MARSHALL,
individual capacity; SORINTE,
individual capacity,

      Defendants-Appellees.

No. 05-1359
(District of Colorado)
(D.C. No. 05-CV-00651-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **SEYMOUR** and **McCONNELL**, Circuit Judges.

After examining appellant's brief and the appellate record, this court has

determined unanimously that oral argument would not materially assist the

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Proceeding *pro se*, federal prisoner George E. Florence appeals the district court's dismissal of the civil rights complaint he brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Florence's complaint contained several claims against numerous defendants, many relating to an incident in which he injured his back while performing his prison food-service job and some relating to other aspects of his incarceration. Specifically, Florence alleged violations of his First, Fifth, Eighth, and Ninth Amendment rights and further alleged prison officials retaliated against him for asserting his constitutional rights.

Florence was ordered to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and to show cause why his complaint should not be dismissed for failure to exhaust his administrative remedies. In response to the order, Florence submitted an amended complaint and copies of documents relating to a grievance he initiated on May 2, 2004. The district court concluded, however, that the amended complaint was deficient and the documentation Florence provided did not relate to the claims raised in his complaint. The documents, instead, related to a job reassignment that occurred before Florence was injured while performing his food-service job.

The court dismissed the action without prejudice for failure to comply with Rule 8 and for failure to exhaust administrative remedies.

This court reviews a dismissal for failure to exhaust *de novo*. *See Miller v. Menghini*, 213 F.3d 1244, 1246 (10th Cir. 2000). On appeal, Florence does not make any reasoned argument that he exhausted any of the claims raised in his amended complaint and our review of the record confirms that the documentation submitted by Florence does not relate to those claims. Accordingly, the record is devoid of any indication Florence exhausted his administrative remedies. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004) ("If a prisoner does submit a complaint containing one or more unexhausted claims, the district court ordinarily must dismiss the entire action without prejudice.").

We conclude the district court did not err when it dismissed Florence's complaint without prejudice for failure to exhaust administrative remedies and **affirm** the district court's order.[1] *See id*. This conclusion obviates the need to address whether the district court properly determined Florence's complaint

---

[1] In a document titled, Motion For Rehearing or Modifying Its Order Dated September 2, 2005 in Order to Address Complained of First Amendment Violation, Florence asserts his First Amendment rights have been violated because FCI-Florence has been deducting postage and copy costs from his inmate trust fund account. This claim was not presented to the district court and this court does not consider claims raised for the first time on appeal. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 n.5 (10th Cir. 2003). Accordingly, Florence's motion is **denied**.

failed to satisfy Rule 8 of the Federal Rules of Civil Procedure. Florence's application to proceed *in forma pauperis* on appeal is **granted**, but he is reminded that he remains obligated to continue making partial payments until his appellate filing fee is paid in full. *See* 28 U.S.C. § 1915(b).

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge