F I L E D
United States Court of Appeals
Tenth Circuit

FEB 15 2002

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DANNY MACK WEST,

Plaintiff-Appellant,

v.

JAMES SAFFLE, JOHN GRUBBS,
KAMERON HAWARNS, DELORES
RAMSEY, DONNA BOONE,
LAWANA WALLER, ED JEWELL,
GLENN MOODY, and DEL
PALMER,

Defendants-Appellees.

No. 01-7048
(D.C. No. 99-CV-515-S)
(E.D. Oklahoma)

---

ORDER AND JUDGMENT [*]

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2). The case is, therefore, ordered

submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of res judicata, collateral estoppel, and law of the case. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Danny Mack West, a state prisoner proceeding pro se, appeals the district court's grant of defendants' motions to dismiss and for summary judgment as to Mr. West's 42 U.S.C. § 1983 complaint. In his suit, Mr. West sought damages and injunctive relief for alleged constitutional violations relating to medical treatment and assignment of work duties while he was incarcerated at the Jackie Brennan Correctional Facility in McAlester, Oklahoma ("JBCC"). Basically, Mr. West argues that he did not receive appropriate medical attention and that he was unjustly punished for his inability to perform his inmate labor detail. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

As of 1998, Mr. West had a history of a left inguinal hernia and a varicocele (an enlarged blood vessel in one's testicle). Mr. West's conditions had warranted a surgery in 1992 for the hernia. The record indicates that Mr. West's medical problems were accompanied by discomfort and pain. In September of 1998, Mr. West sought treatment for pain related to his conditions. The attending medical assistant prescribed antibiotics for a severe infection, and Mr. West's condition apparently improved within days. That same month Mr. West saw the same medical assistant for pain stemming from his conditions, and it appears he was given ibuprofen to alleviate the pain.

At this time Mr. West received a special report stating medical restrictions that included no excessive walking, bending, stooping, or lifting weights heavier

-2-

than twenty-five pounds. He was also cleared, however, to perform some work tasks, including working in the food service facilities.

In the ensuing months, Mr. West complained of various medical problems, and at one point he was taken to the medical clinic in a wheelchair. Because of these incidents, Mr. West received a "medical lay-in" in March of 1999 which assigned him to a lower bunk and allowed him to forego work for two days. In June of 1999, Mr. West received a similar light duty medical slip and a lower bunk. At this time he was also reassigned to work in food services as had been approved in September of 1998. During these bouts of pain, Mr. West often failed to show up for work, and he was consequently issued misconduct citations in June and July of 1999.

It is undisputed that Mr. West sought medical attention at JBCC several times and received treatment at JBCC and at Griffin Memorial Hospital.

Mr. West filed this action pursuant to § 1983 alleging constitutional deprivations based upon the medical treatment and misconduct reports he received. In his complaint, he suggested that he did not received appropriate medical attention and that he was unjustly punished for his purported inability to perform hard labor. The district court denied the complaint for failure to state a claim for relief. The court determined that Mr. West's allegations "[we]re vague and conclusory" and "do not rise to the level of a constitutional violation." Rec.

doc. 61, at 9 (Dist. Ct. Order, filed Mar. 26, 2001).  To the extent that Mr. West contended the defendants were deliberately indifferent to his documented medical needs, the court found there was evidence of medical examinations and treatment.  As to the misconduct reports that Mr. West received, the court found that prison authorities complied with all the requirements of procedural due process requirements.[1]

We review a district court's grant of summary judgment de novo.  See Adarand Constructors, Inc. v. Slater, 228 F.3d 1147, 1161 (10th Cir. 2000). We also review de novo an order dismissing a prisoner's case for failure to state a claim.  See McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001).  Because Mr. McBride is proceeding pro se, we liberally construe his pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).   There appears to be some lack of clarity in the district court order as to how it proceeded.  First, the district

---

[1] The district court noted that Mr. West's claims for monetary relief are not subject to 28 U.S.C.§1997e's exhaustion requirements where prison administrative procedures do not allow for such relief, relying upon our decisions in Miller v. Menghini, 213 F.3d 1244, 1245-46 (10th Cir. 2000), and Garrett v. Hawk, 127 F.3d 1263, 1267 (10th Cir. 1997).  See Rec. doc. 62, at 6 (Dist. Ct. Order, filed Mar. 26, 2001).  Pursuant to the Supreme Court's subsequent decision in Booth v. Churner, 531 U.S. 956 (2001), the holdings of both Miller and Garrett, with respect to jurisdiction over an inmate's claims for monetary relief, are no longer applicable.  Because this court may affirm "on any grounds for which there is a record sufficient to permit conclusions of law," we need not address defendants' contention that Mr. West did not exhaust his administrative remedies. United States v. Sandoval, 29 F.3d 537, 542 n.6 (10th Cir. 1994) (quotation marks omitted).

court considered defendants' special report, prepared in accordance with <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978), and various exhibits and supplements. Rec. doc. 61, at 1 (Dist. Ct. Order filed Mar. 26, 2001). After its review of all the evidence, the court concluded that the complaint contained only "vague and conclusory" allegations that were unsupported by allegations of fact, which suggests the district court considered the complaint standing alone. <u>Id.</u> at 9. Nevertheless, it is apparent that the district court granted the defendants' motion for summary judgment based upon both an inadequate complaint and its conclusion that the allegations did not rise to the level of a constitutional violation.

We have reviewed the entire record on appeal, including Mr. West's appellate brief, and conclude that the district court did not err in granting the defendants' motion for summary judgment. Mr. West is reminded of his obligation to continue making partial payments toward his filing fees until paid in full. AFFIRMED.

Entered for the Court,

Robert H. Henry
Circuit Judge

-5-