**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**August 22, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ALEXANDRE Z. DAVIS,

    Plaintiff - Appellant,

v.

BIG HORN COUNTY JAIL; BIG HORN
COUNTY JAIL CAPTAIN,

    Defendants - Appellees.

No. 23-8089
(D.C. No. 1:23-CV-00116-SWS)
(D. Wyo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Plaintiff Alexandre Z. Davis, a federal prisoner proceeding pro se, appeals the district court's judgment rejecting his 42 U.S.C. § 1983 claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. We also deny his motion to proceed *in forma pauperis*.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

The United States Marshals Service housed Plaintiff at the Big Horn County Jail ("BHCJ") pursuant to an agreement. Plaintiff shared a cell with Drew Seymour. Seymour threatened Plaintiff daily because Plaintiff registered as a sex offender. In April 2023, Seymour attacked Plaintiff and broke his jaw. Plaintiff received medical attention for his injuries but requires additional dental work. Plaintiff filed this action and alleged the BHCJ and Captain Debbie Cook failed to protect him in violation of his Eighth and Fourteenth Amendment rights.

Defendants asserted failure to exhaust as an affirmative defense to his claims. The BHCJ provides grievance procedures for inmates, requiring inmates to submit an inmate request form. Under this procedure, either the sergeant, lieutenant, or captain reviews an inmate's initial complaint and renders a decision. The inmate may appeal the decision to the sergeant who decides the appeal. The inmate may then appeal the sergeant's decision to the captain, who reviews it and makes a final decision. During his incarceration at BHCJ, officers supplied Plaintiff with a copy of the inmate rules and handbook, which contains the details of the BHCJ's grievance procedures.

Although Plaintiff filed seven inmate request forms under the grievance procedures, Plaintiff never requested to move to another pod or mentioned any conflicts with other inmates. For example, Plaintiff requested a change of cell on April 5, 2023, but he did not mention a conflict with another inmate. Plaintiff and Defendants cross-moved for summary judgment. The district court denied Plaintiff's motion for summary

2

judgment and granted Defendants' motion for summary judgment, finding that Plaintiff failed to exhaust available administrative remedies. Plaintiff appeals.

II.

We review de novo a district court's decision to grant summary judgment. Rivero v. Bd. of Regents of Univ. of N.M., 950 F.3d 754, 758 (10th Cir. 2020) (quoting Lauck v. Campbell Cnty., 627 F.3d 805, 809 (10th Cir. 2010)). We affirm the district court's grant of summary judgment if the movant establishes no genuine issues of material fact exist and the movant is entitled to judgment as a matter law. Id. (quoting Fed. R. Civ. P. 56(a)). We review de novo the district court's finding of failure to exhaust administrative remedies. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (citing Miller v. Menghini, 213 F.3d 1244, 1246 (10th Cir. 2000)).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner must exhaust all available administrative remedies before filing an action under 42 U.S.C. § 1983. Porter v. Nussle, 534 U.S. 516, 524 (2002) (quoting 42 U.S.C. § 1997e(a) (1994 ed., Supp. V)). Proper exhaustion requires a plaintiff to comply with each of a prison's administrative procedures, including deadlines and procedural rules. Woodford v. Ngo, 548 U.S. 81, 90–91 (2006). "Substantial compliance is insufficient." Fields v. Oklahoma State Penitentiary, 511 F.3d 1109, 1112 (10th Cir. 2007) (citing Jernigan, 304 F.3d at 1032). A defendant has the burden of asserting the affirmative defense of failure to exhaust and proving that the plaintiff failed to utilize administrative remedies. Tuckel v. Grover, 660 F.3d 1249, 1254 (10th Cir. 2011) (citing Jones v. Bock, 549 U.S. 199, 212 (2007)). Once a defendant shows the plaintiff failed to exhaust, the burden shifts to the

plaintiff to show the remedies were unavailable.  Id.  Remedies are unavailable under the PLRA when "prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of the administrative remedy."  Id. at 1252 (quoting Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010)).

We construe Plaintiff's appellate pleadings liberally.  James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013) (citing Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)) (holding that we liberally construe pro se filings).  Plaintiff alleges that BHCJ denied all his inmate request forms and destroyed his relevant inmate request forms that provided proof he requested to move cells away from Seymour. Giving his argument a liberal construction, we understand him to say that he exhausted his administrative remedies.  We disagree.

To begin with, Plaintiff's allegations are conclusory and, therefore, do not convince us that Plaintiff exhausted his administrative remedies.  On the contrary, the record suggests that Plaintiff did not exhaust.  Plaintiff admits as much in handwritten documents where he seems to excuse his failure to exhaust by stating, "I could not grieve further because USMS moved me to another facility."  But we have required exhaustion, even where authorities transfer inmates to other facilities.  See, e.g., Patel v. Fleming, 415 F.3d 1105, 1111 (10th Cir. 2005) (holding that a prisoner failed to exhaust administrative remedies where, after he was transferred to a different facility, he failed to timely file his grievance).  So, even accepting Plaintiff's statement as true, he has not justified his failure to complete the grievance process regarding his complaints against BHCJ's after his transfer.  Indeed, we require exhaustion of all available administrative remedies,

4

"[e]ven where the 'available' remedies would appear to be futile at providing the kind of remedy sought." Jernigan, 304 F.3d at 1032 (citing Booth v. Churner, 532 U.S. 731, 740 (2001)).

Plaintiff failed to exhaust all of BHCJ's grievance procedures, so he cannot file a § 1983 action against Defendants. The district court did not err when entering judgment in Defendants' favor.

### III.

We AFFIRM the district court's judgment. Defendant has presented no non-frivolous argument in favor of reversal. Accordingly, we DENY Plaintiff's motion to proceed *in forma pauperis* and remind Plaintiff of his obligation make full and immediate payment of his appellate filing fees. Ford v. Pryor, 552 F.3d 1174, 1180 (10th Cir. 2008) (quoting Braley v. Campbell, 832 F.2d 1504, 13010 (10th Cir. 1987)) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit."). We also issue a strike against Plaintiff and advise Plaintiff that if he accrues three strikes, 28 U.S.C. § 1915(g) will bar him from proceeding *in forma pauperis* in any civil action filed in federal court unless the court determines an "imminent danger of serious physical injury" exists.

Entered for the Court

Joel M. Carson III
Circuit Judge